**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
Matthew J. Maddox
United States Magistrate Judge



101 West Lombard Street, Chambers 3B
Baltimore, Maryland 21201
MDD_MJMChambers@mdd.uscourts.gov
(410) 962-3407

June 14, 2023

**MEMORANDUM ORDER**

        RE:    *Francis Woukop Yomi v. The Arc of Washington County, Inc.*
                  Civil No. SAG-22-964

Dear Counsel:

      Currently pending are Defendant Arc of Washington County's ("AWC" or "Defendant") motion for a protective order and to strike Plaintiff's third sets of discovery requests as untimely, ECF 54, and Plaintiff Francis Woukop Yomi's ("Plaintiff") motion for permission to file a sur-reply to Defendant's reply brief in support of Defendant's Motion, ECF 61. Discovery matters were referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636. ECF 28 & 62. For reasons stated herein, Plaintiff's motion is GRANTED, and Defendant's motion is GRANTED IN PART and DENIED IN PART.

      **I.**      **DEFENDANT'S MOTION AND THE PARTIES' ARGUMENTS**

      Relevant factual and procedural background is described in previous Memorandum Orders entered by the undersigned on March 20, 2023 (ECF 38), and May 15, 2023 (ECF 59).

      On April 7, 2023, Plaintiff served on Defendant third sets of interrogatories and requests for production of documents ("RFP"). On May 5, 2023, Defendant filed the pending motion for a protective order and to strike Plaintiff's third sets of discovery requests as untimely pursuant to Fed. R. Civ. P. 26(b)(2)(C)(ii). ECF 54. Defendant states in its motion that the Court ordered discovery to close in the matter on February 17, 2023, and that discovery deadline was never extended. *Id.* at 1, 3. It argues that Plaintiff's third round of discovery requests "fall well outside" the court-ordered discovery deadline and are therefore untimely, and that Plaintiff "had ample opportunity to pursue the discovery he feels he needs during the court-mandated discovery period." *Id.* at 3.

      Plaintiff filed a response in opposition to Defendant's motion, ECF 57, pointing out (1) that Defendant reserved the right to conduct additional discovery in a status report filed on the date of the discovery deadline; (2) that discovery motions were pending and unresolved on the date of the discovery deadline; (3) that Defendant did not "properly" respond to Plaintiff's first two sets of

discovery requests before the discovery deadline; and (4) that the Memorandum Order of March 20, 2023, compelled Defendant to supplement its discovery responses and directed the parties to file a status report after the discovery deadline. Plaintiff suggests that the foregoing justifies his serving a third set of discovery requests after the discovery deadline.

In a reply brief, ECF 60, Defendant argues that Plaintiff never moved to extend the discovery deadline or sought leave of the Court to issue discovery requests after the deadline. Defendant states that issues raised in Plaintiff's discovery motions that were outstanding after the discovery deadline all pertained to requests made before the deadline. Regarding Defendant's reservation of the right to conduct additional discovery after the deadline, Defendant points out that it only reserved this right because Plaintiff did not make himself available for deposition until the last day of discovery and that Defendant never actually conducted any additional discovery after the deadline. Finally, Defendant argues that the Memorandum Order issued on March 20, 2023, did not serve to nullify the Scheduling Order in this case that set the discovery deadline for February 17, 2023.

On May 21, 2023, Plaintiff filed a motion seeking leave to file a sur-reply in opposition to Defendant's Motion. ECF 61. Plaintiff's Motion attached a proposed sur-reply in which Plaintiff argues that discovery continued through the filing and briefing of additional discovery motions after the discovery deadline. ECF 61-1. Defendant has not filed an opposition to Plaintiff's motion.

On June 12, 2023, the undersigned conducted a virtual hearing on Defendant's motion. During the hearing, the undersigned questioned the parties regarding the extent to which Plaintiff's third sets of interrogatories and RFPs were responsive to information and documents that were not disclosed to Plaintiff until after the discovery deadline. After the hearing, with the permission of the undersigned, Plaintiff filed supplemental information regarding his third sets of discovery requests and argues that each of his requests was made to follow up on information that was untimely disclosed to him by Defendant. ECF 73.

## II. DISCUSSION

The Scheduling Order in this case establishes a discovery deadline of February 17, 2023. ECF 19. On that date, Plaintiff stated his position in a joint status report that discovery was not completed "because there are still pending motions to sanction and motion to compel . . . , and there might be a second motion to compel." ECF 24 at 1–2. Indeed, Plaintiff's first motion to compel and first motion for sanctions were pending at the time, and Plaintiff did eventually file a second motion to compel. However, Plaintiff did not state any intention of serving additional discovery requests on Defendant and never moved for a modification of the Scheduling Order or extension of the discovery deadline to permit further discovery. The Memorandum Order of March 20, 2023, compelled Defendant to supplement its discovery responses by March 28, 2023, and directing the parties to file another report on the status of discovery following Defendant's supplemental

responses. ECF 38. In an email attached to Defendant's status report, Plaintiff noted that his second motion to compel, filed on March 20, 2023, was still pending and stated, in part, "the parties might still have a long way to go in Discovery, because Defendant does not want to provide me with more evidences [*sic*]." ECF 47-1. Plaintiff also noted the possibility of filing a second motion for sanctions, *id.*, which he later filed. In his status email, Plaintiff did not state any intention of serving additional discovery requests on Defendant and never filed a motion to extend the court-ordered discovery deadline.

As a general matter, discovery in this case closed on February 17, 2023. This deadline was never extended. The only outstanding discovery-related matters after the discovery deadline relate to discovery requests made before the deadline. Plaintiff fails to cite any procedural rule or case law to support his argument that an automatic extension of the discovery deadline resulted from the fact that discovery motions were pending on February 17 and additional discovery motions were later filed. To the contrary, "the question of whether to extend procedural deadlines is one for the Court—not [Plaintiff]." *Fitchett v. Wilson*, No. 4:12-CV-00605-RBH, 2013 WL 5468389, at *1 n.4 (D.S.C. Sept. 30, 2013), *aff'd*, 561 F. App'x 256 (4th Cir. 2014); *see also N. Carolina Env't Just. Network v. Taylor*, No. 4:12-CV-154-D, 2015 WL 1630602, at *8 & n.10 (E.D.N.C. Jan. 14, 2015), *report and recommendation adopted*, No. 4:12-CV-154-D, 2015 WL 1880200 (E.D.N.C. Apr. 13, 2015) (rejecting proposition that motion to compel suspended discovery deadline, and noting that "plaintiffs did not ask the that the deadlines they sought to extend be suspended pending ruling on their motion to compel[]"). Therefore, Plaintiff's third sets of interrogatories and RFPs of April 7, 2023, were untimely served.

However, the undersigned recognizes that several of the discovery requests included in Plaintiff's third sets of discovery requests are responsive to, and follow up on, information and material that was not timely disclosed to him by Defendant before the discovery deadline. Defendant will be required to respond to such discovery requests because I find that Plaintiff lacked "ample opportunity" to make these requests before the deadline. Fed. R. Civ. P. 26(b)(2)(C)(ii) (providing that "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]"). Notwithstanding, interrogatories and RFPs that Plaintiff had ample opportunity to serve before the discovery deadline will be stricken.

Each of the requests made in Plaintiff's third sets of interrogatories and RFPs are addressed individually below:

1. **Interrogatory No. 24**

Interrogatory No. 24 can be divided into two parts. It begins by requesting a detailed description of "the process for a caregiver to obtain the medication administration certification,"

including names of all tests, quizzes, and examinations that must be taken and passed to be certified to provide medication to persons with disabilities at AWC in 2018. The second part of the interrogatory requests identification of tests, quizzes, and examinations taken by caregiver Helen Faith Brown in order for her to be certified for medication administration. Plaintiff asks that Brown's tests, quizzes, and examinations be identified by page number within Brown's personnel file, which Defendant produced in discovery (Bates numbers ARC-1361 through 1584). This personnel file was not produced until late March 2023, well after the February 17, 2023, discovery deadline.

The undersigned finds that Plaintiff had ample opportunity to request the information he seeks in the first part of Interrogatory No. 24 before the discovery deadline. However, Plaintiff did not have an opportunity to request the information he seeks in the second part of Interrogatory No. 24 until after he received Brown's personnel file in late March. He served Interrogatory No. 24 on April 7, 2023, relatively close in time to the disclosure of Brown's personnel file. For these reasons, Defendant will be required to respond to the second part of Interrogatory No. 24, beginning with the second sentence of that interrogatory. The first sentence of Interrogatory No. 24 will be stricken.

   2. **Interrogatory No. 25**

Interrogatory No. 25 requests information about how errors Brown allegedly made on an examination at AWC were classified as to certain numerical levels or risk or harm reflected in test scores disclosed to him by Defendant. The interrogatory specifically indicates that Brown's errors are noted in a document Defendant produced in discovery with Bates number ARC-1400, which is apparently part of Brown's personnel file. Again, this personnel file was not disclosed to Plaintiff until late March 2023, well after the February 17, 2023, discovery deadline.

Given that Plaintiff did not receive documentation of Brown's alleged errors until after the discovery deadline, the undersigned cannot find that he had an ample opportunity to request the information he seeks in Interrogatory No. 25 before the discovery deadline. This interrogatory was served on April 7, 2023, relatively close in time to the disclosure of Brown's personnel file. For these reasons, Defendant will be required to respond to Interrogatory No. 25.

   3. **RFP Nos. 26 and 27**

RFP No. 26 calls for documentation of any policy or procedure of AWC by which a "Professional Support 1 caregiver" was immediately terminated from employment for failing to pass the practical portion of the Medication Pass examination for the first time. RFP No. 27 requests documents showing that Defendant made Plaintiff aware before his termination that he would be terminated immediately from employment for failing to pass the practical portion of the Medication Pass examination for the first time.

Plaintiff contends that these two RFPs follow up on information Defendant provided in a

supplemental answer to Interrogatory No. 2, which was served on February 1, 2023, according to Plaintiff. Although Plaintiff received this supplemental answer more than two weeks before the February 17, 2023, discovery deadline, he argues that he could not have served RFP Nos. 26 and 27 before the discovery deadline because Defendant's response would not have been due until after the discovery deadline. Plaintiff offers no explanation for waiting until nearly two months after the discovery deadline to serve these RFPs or why he did not file a timely motion for an extension of the discovery deadline. The undersigned finds that Plaintiff had ample opportunity to serve RFP Nos. 26 and 27 before the discovery deadline but failed to do so. For this reason, RFP Nos. 26 and 27 will be stricken.

### 4. *RFP Nos. 28 and 29*

RFP No. 28 calls for production of documents showing that Brown "successfully recertified as a medication technician in 2018. . . ." RFP No. 29 requests documentation of AWC's policy or procedure to have employed medication technicians recertified by retaking the practical portion of the Medication Examination after any "workplace incident" while giving medication to a person with a disability served by AWC. These two RFPs are preceded with a note referencing Defendant's second supplemental answer to Interrogatory No. 14 served on March 27, 2023, wherein Defendant disclosed that Brown retook the written and practical portions of the Medication Pass examination "as part of the recertification process."

Given that Plaintiff did not receive Defendant's supplemental answer to Interrogatory No. 14 until after the discovery deadline, the undersigned cannot find that he had an ample opportunity to request production of the documents he seeks in RFP Nos. 28 and 29 before the discovery deadline. These two RFPs were served on April 7, 2023, relatively close in time to Defendant's second supplemental answer to Interrogatory No. 14. For these reasons, Defendant will be required to respond to RFP Nos. 28 and 29.

### 5. *RFP No. 30*

RFP No. 30 requests production of a copy of Plaintiff's deposition transcript. Plaintiff can obtain a copy of this transcript the same way Defendant obtained any copy it possesses—by ordering it. Defendant is not required to bear the cost of this transcript for Plaintiff. RFP No. 30 will be stricken.

### 6. *RFP No. 31*

RFP No. 31 calls for production of Brown's paystubs or paychecks "for July 2018 through December 2018." Plaintiff argues that he did not learn that Brown's employment with AWC was terminated in December 2018 until he received her personnel file in discovery. The undersigned finds that Plaintiff was aware of Brown as a potential comparator in support of his discrimination claims well in advance of the discovery deadline and had ample opportunity to request Brown's

paystubs before that deadline. He did not need to know the end-date of Brown's employment with AWC to request her compensation records in discovery. For these reasons, RFP No. 31 will be stricken.

### 7. RFP No. 32

RFP No. 32 requests production of any written notification to the Maryland Board of Nursing of medication errors made by Brown. The medication errors referenced in this RFP appear to be the same errors disclosed to Plaintiff through Brown's personnel file, which was not produced to Plaintiff until late March 2023, weeks after the discovery deadline and relatively close in time to the date Plaintiff served RFP No. 32—April 7, 2023. The undersigned does not find that Plaintiff had ample opportunity to request the document sought in RFP No. 32 before the discovery deadline. For this reason, Defendant will be required to respond to RFP No. 32.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to file a sur-reply (ECF 61) is GRANTED, and Defendant's Motion for a Protective Order and to Strike Untimely Discovery Efforts (ECF 54) is GRANTED IN PART and DENIED IN PART. It is ORDERED that the first sentence of Interrogatory No. 24 and RFP Nos. 26, 27, 30, and 31 are stricken. Defendant is not required to respond to these discovery requests.

It is further ORDERED that Defendant shall respond to the remaining discovery requests made in Plaintiff's third sets of interrogatories and requests for production: the remaining part of Interrogatory No. 24, Interrogatory No. 25, and RFPs Nos. 28, 29, and 32. Defendant shall serve responses to these requests and responsive documents no later than June 28, 2023.

Despite the informal nature of this letter, it is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

/S/

Matthew J. Maddox
United States Magistrate Judge